## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILLER MENDEL, INC., a Washington Corporation; TYLER MILLER, an Oregon State resident, ) ) ) ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. CIV-18-990-C |
| ) | |
| THE CITY OF OKLAHOMA CITY, a municipal corporation, ) ) ) | |
| Defendant. ) | |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE
### SECOND AMENDED COMPLAINT

### [REDACTED VERSION]

Todd A. Nelson, OBA #15317
Paul E. Rossler, OBA #21796
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103
Telephone: (918) 595-4800
Facsimile: (918) 595-4990
E-mail: tnelson@gablelaw.com
prossler@gablelaw.com

*Admitted Pro Hac Vice:*
Kurt M. Rylander, Bar No. 27819
RYLANDER & ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
Telephone: (360) 750-9931
Facsimile: (360) 397-0473
E-mail: rylander@rylanderlaw.com

September 20, 2019        *Attorneys for Plaintiffs, Miller Mendel, Inc. and Tyler Miller*

# TABLE OF CONTENTS

I. BACKGROUND ................................................................................................. 1

II. RECENT DEVELOPMENTS AND DISCOVERY OF NEW FACTS ......................... 2

III. ARGUMENT ..................................................................................................... 4

   A.  Leave to Amend Should Be Granted. ................................................... 4

   B.  The Claims Are Integrally Related To This Case. .................................. 6

   C.  No Unfair Prejudice Exists. .................................................................. 8

   D.  Venue is Appropriate in this Court ....................................................... 9

      1. Venue for the Defamation and Declaratory Relief Claims is Clearly Appropriate ........................................................................................ 9

      2. GAT Waived Any Objection to Patent Venue. .................................. 9

IV. CONCLUSION ................................................................................................ 10

# TABLE OF AUTHORITIES

Cases

*ARP Wave, LLC v. Salpeter,*
364 F. Supp.3d 990, 999 (D. Minn. 2019) .................................................................... 10

*Bechtel v. Robinson,*
886 F.2d 644, 652 (3d Cir.1989) .................................................................................... 6

*Bettcher Indust., Inc. v. Hantover, Inc.*,
2018 WL 1942179, at *3-4 (N.D. Ohio Apr. 25, 2018) ................................................ 10

*Chowdhury v. Haveli Rest., Inc.,*
2005 WL 1037416 *1–*2 (S.D.N.Y. May 3, 2005) (Francis, M.J.) ................................ 4

*Duling v. Gristede's Operating Corp.*,
265 F.R.D. 91, 96–97 (S.D.N.Y. 2010) ................................................................. 4, 5, 6

*Expoconsul Int'l, Inc. v. A/E Sys., Inc.,*
145 F.R.D. 336, 337 n. 4 (S.D.N.Y.1993) (Preska, D.J.) ............................................... 4

*Fair Hous. Dev. Fund Corp. v. Burke,*
55 F.R.D. 414, 419 (E.D.N.Y.1972) ............................................................................... 4

*FTD Corp. v. Banker's Trust Co.,*
954 F. Supp. 106, 109 *(S.D. N.Y. 1997)* ....................................................................... 4

*Green v. Wolf Corp.,*
50 F.R.D. 220, 223 (S.D.N.Y.1970) (Edelstein, D.J.) ................................................... 6

*Haddock v. Nationwide Fin. Servs. Inc.*,
514 F. Supp. 2d 267 (D. Conn. 2007) ............................................................................ 5

*Heyl & Patterson Int'l v. F.D. Rich Housing of the Virgin Islands, Inc.*,
663 F.2d 419, 425 (3d Cir. 1981.) .................................................................................. 6

*Huawei Tech. Co., Ltd. v. Yiren Huang*,
2018 WL 1964180, at *8 (E.D. Tex. Apr. 25, 2018) .................................................... 10

*Koch Materials Co. v. Shore Slurry Seal, Inc.,*
216 F.R.D. 301 (D.N.J. 2003) .................................................................................... 5, 6

*Middle Atl. Utils. Co. v. S.M.W. Dev. Co., supra,*
392 F.2d 380, 384–85 (2nd Cir. 1968) ............................................................................... 6

*Miller v. Beneficial Mgmt. Corp.,*
844 F.Supp. 990, 999 (D.N.J.1993) ................................................................................... 6

*New Windsor v. Tesa Tuck, Inc., supra,*
919 F.Supp. 662, 676 (S.D.N.Y. 1996) .............................................................................. 6

*Sly Magazine, LLC v. Weider Publ'ns L.L.C.,*
241 F.R.D. 527, 532 (S.D.N.Y.2007) ................................................................................. 4

*TC Heartland LLC v. Kraft Foods Group Brands LLC,*
581 U.S. _ (2017), 137 S. Ct. 1514; 197 L. Ed. 2d 816; 122 U.S.P.Q.2d 1553 ............ 9, 10

*Vardon Golf Co. v. Supreme Golf Sales, Inc.,*
741 F. Supp. 152 (N.D. Ill. 1990) ....................................................................................... 5

## Statutes

28 U.S.C. § 1391(b)(1) ............................................................................................................. 9
28 U.S.C. § 1391 (c)(2) ............................................................................................................ 9

## Rules

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE &
    PROCEDURE § 1488 at 652–57 (2d ed.1990) ................................................................... 5
Fed. R. Civ. P. 15(a)(2) ......................................................................................................... 1, 4
Fed. R. Civ. P. 20(a)(2) ............................................................................................................. 1
Fed. R. Civ. P. 20(d) ................................................................................................................. 1
Fed. R. Civ. P. 21 .................................................................................................................. 1, 4

Plaintiffs, MILLER MENDEL, INC. and TYLER MILLER (collectively "Plaintiffs" or "Miller Mendel"), hereby move pursuant to Fed. R. Civ. P. 15(a)(2) and (d), 20(a)(2) and 21 for leave to file their Second Amended Complaint. A copy of the proposed Second Amended Complaint is attached hereto as Exhibit "1." Plaintiffs propose by this amendment to add as a Defendant, Guardian Alliance Technologies, Inc ("GAT"), asserting against it claims for patent infringement of the '188 Patent, defamation, and declarations of no inequitable conduct or patent fraud.

## I. BACKGROUND

The United States Patent and Trademark Office ("USPTO") duly and legally issued the '188 Patent", entitled "Background Investigation Management Service," on August 7, 2018 after full and fair examination.[1] [Dkt 22, ¶7 & Exhibit 1]. GAT markets a directly competing product, the GAT investigation software platform ("the Guardian Platform"). Plaintiff alleged that Defendant Oklahoma City uses the Guardian Platform as its chosen solution for its November 2017 Request for Proposal 181003 for a Police Applicant Tracking Software for the Oklahoma City Police Department, and that Defendant Oklahoma City's use of the Guardian Platform infringes one or more claims of the '188 Patent, including at least Claims 1, 5, and 15. [Dkt 22, ¶12].

Plaintiffs notified Oklahoma City of their patent rights in their December 2017 proposal to the City. [Exhibit "2," Declaration of Kurt M. Rylander In Support of Motion

---

[1] Miller Mendel first sought patent protection for key aspects of the eSOPH system with the filing of provisional patent application 61/472,556 on April 6, 2011.

for Leave to Amend ("Rylander Decla."), ¶5 & Exhibit "2-C"]. Plaintiffs had earlier notified GAT in an October 2017 letter of Plaintiffs' patent rights. [Rylander Decla., ¶4 & Exhibit "2-B"]. Plaintiffs filed suit against Oklahoma City on October 9, 2018. Plaintiffs filed a First Amended Complaint on January 12, 2019. The case is currently in the early stages of discovery. Although Plaintiffs have served written discovery on Oklahoma City, Oklahoma City has not served any interrogatories, requests for admission, or requests for production on Plaintiffs. No depositions have occurred. Further, claim construction proceedings are in the beginning stage. No claim constructions have been exchanged and no claim construction hearing has been scheduled. Finally, trial has not yet been scheduled and no summary judgment motions have been filed.

**II.    RECENT DEVELOPMENTS AND DISCOVERY OF NEW FACTS**

Plaintiffs discovered through a customer on or about August 21, 2019 that GAT had created and was publishing to Plaintiffs' customers and the public, false and defamatory statements through a website, https://thetruthaboutmillermendel.com. The website states and/or stated, among other things, that Plaintiffs had committed fraud on the USPTO in relation to the '188 Patent family. Exhibit "2-A" to Rylander Decla. is a true and correct copy of the August 21, 2019 publication of the defamatory website. Plaintiffs learned on August 23, 2019 in a teleconference about the website with Defendant Oklahoma City's attorney, that Defendant's Oklahoma City's attorneys were aware of it and may have even reviewed its prior to the defamatory statements being published. Plaintiffs subsequently learned that, in addition to publishing the statements on the referenced website, GAT has promoted the website as an advertisement to dramatically increase the number of viewers.

2

[Rylander Decla., ¶¶2, 3 & Exhibit 2-A.]  Additionally, GAT publicly announced in August, 2019, it is preparing to institute litigation against both Plaintiffs based on GAT's allegations of purported fraud. *Id*. The website specifically stated: "Guardian is in the early stages of preparing an action against Miller Mendel and Mr. Miller, individually, …." *Id.*

The information in the scurrilous and false website derives directly from information provided by OKC to GAT. OKC in its invalidity contentions asserted invalidity based on, among other things, alleged prior art from Background Solutions and ADP. The false website specifically mentions those items of alleged prior art, and OKC's counsel, when confronted, did not deny the information came from him. *Id.*

As addressed in more detail in Section III(D), based upon information learned through discovery in this action, GAT waived venue for claims of patent infringement. Specifically, Plaintiffs learned through review of documents produced in relation to Defendant Oklahoma City's discovery responses REDACTED

.[2]

---

[2] REDACTED

3

{2021612;2}

[Rylander Decla., ¶¶ 6-7 & Exhibit "2-D," *filed under seal*].   REDACTED

[Rylander Decla. Exhibit "2-D," *filed under seal*].

### III.   ARGUMENT

#### A.   Leave to Amend Should Be Granted.

In regard to adding a party, Fed. R. Civ. P. 21 provides that the Court "may at any time, on just terms, add or drop a party." In regard to amending complaints, Fed. R. Civ. P. 15(a)(2) provides that a "court should freely give leave when justice so requires". The "same standard of liberality applies under either rule". *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96–97 (S.D.N.Y. 2010) (quoting *FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 *(S.D. N.Y. 1997),* and citing *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y.1972), *Expoconsul Int'l, Inc. v. A/E Sys., Inc.,* 145 F.R.D. 336, 337 n. 4 (S.D.N.Y.1993) (Preska, D.J.), *Sly Magazine, LLC v. Weider Publ'ns L.L.C.,* 241 F.R.D. 527, 532 (S.D.N.Y.2007) (Casey, D.J.), and *Chowdhury v. Haveli Rest., Inc.,* 2005 WL 1037416 *1–*2 (S.D.N.Y. May 3, 2005) (Francis, M.J.).

4

"Under the liberal standard of Rule 15(a), leave to amend may be appropriate at any stage of litigation." *Duling,* 265 F.R.D. at 97 (allowing leave to amend despite the passage of two and a half years since the litigation began) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1488 at 652–57 (2d ed.1990) (noting that courts have granted leave to amend "following discovery; after a pretrial conference; at a hearing on a motion to dismiss or for summary judgment; after a motion to dismiss has been granted but before the order of dismissal has been entered; when the case is on the trial calendar and has been set for a hearing by the district court; at the beginning, during, and at the close of trial; after a judgment has been entered; and even on remand following an appeal")). See also *Haddock v. Nationwide Fin. Servs. Inc.*, 514 F. Supp. 2d 267 (D. Conn. 2007) (allowing leave to file fifth amended complaint where, among other things, discovery was still in early procedural stage and no bad faith or dilatory motive was exhibited); *Vardon Golf Co. v. Supreme Golf Sales, Inc.*, 741 F. Supp. 152 (N.D. Ill. 1990) (patent infringement plaintiff allowed to amend complaint to add additional infringement produces even though more than four weeks had passed since the end of discovery period and proposed pretrial order was due in a few weeks); *Koch Materials Co. v. Shore Slurry Seal, Inc.,* 216 F.R.D. 301 (D.N.J. 2003) (leave to file amended counterclaim was allowed despite seller's contention that buyer was aware of facts associated with motion for at least two-and-a-half years, where buyer filed motion to amend two months after being served with relevant discovery and one month after deposition of seller's corporate designee, and seller failed to show that it would be denied opportunity to present facts or evidence as result of delay).

5

The Court's discretion under Rule 15 is "tempered by considerations of prejudice to the non-moving party, for undue prejudice is 'the touchstone for the denial of leave to amend.'" *Koch Materials Co.,* 216 F.R.D. at 306 (quoting *Heyl & Patterson Int'l v. F.D. Rich Housing of the Virgin Islands, Inc.,* 663 F.2d 419, 425 (3d Cir. 1981.). However, the non-moving party, however, "must do more than merely claim prejudice; it must show that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Koch Materials Co., id* (citing *Miller v. Beneficial Mgmt. Corp.,* 844 F.Supp. 990, 999 (D.N.J.1993) (citing *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir.1989))).[3]

Here, leave to amend should be granted. The party proposed to be added, GAT, and the claims proposed to be added all relate directly to this lawsuit, the asserted '188 Patent, and /or the infringing Guardian Platform, and all derive from information learned after June 17, 2019, and as recent as September 10, 2019.

### B.   The Claims Are Integrally Related To This Case.

The addition of GAT, and the claims asserted against GAT, relate directly to this case. REDACTED

---

[3] To the extent Oklahoma City may argue the instant motion constitutes a change in litigation strategy, a change in litigation strategy is a legitimate reason for seeking to amend a pleading under the liberal standard of Rule 15(a). *Duling,* 265 F.R.D. at 98 (citing *Town of New Windsor v. Tesa Tuck, Inc., supra,* 919 F.Supp. 662, 676 (S.D.N.Y. 1996); *Green v. Wolf Corp.,* 50 F.R.D. 220, 223 (S.D.N.Y.1970) (Edelstein, D.J.); *see Middle Atl. Utils. Co. v. S.M.W. Dev. Co., supra,* 392 F.2d 380, 384–85 (2nd Cir. 1968)).

6

{2021612;2}

REDACTED

. [Rylander Decla., ¶ 8].

Further, the patent infringement claim proposed to be added against GAT involves the same patent, the '188 Patent, and concerns the same course of conduct.[4] Plaintiffs' defamation claim also directly relates to the '188 Patent, such as GAT's statements that Plaintiffs committed patent fraud. Likewise, Plaintiffs claim for declaratory relief relates to the fact that no fraud occurred. The basis for these claims arises out of the same events and occurrences, and there are numerous common questions of law and/or fact as to both Oklahoma City and GAT.

The existence of the defamatory and false website, thetruthaboutmillermendel.com, was discovered on or after August 21, 2019. Oklahoma City having provided the information for that site, and that its representatives and/or agents may have reviewed that site prior to its publication, was learned after August 21, 2019. REDACTED

---

[4] The infringement claim against GAT also includes the infringing allegation of manufacturing, selling, and offering to sell.

Miller Mendel notified both GAT and Oklahoma City in 2017 of its patent rights: GAT by a letter dated October 10, 2017, and Oklahoma City in Miller Mendel's bid response proposal. [Rylander Decla., ¶ 4 & Exhibit "2-B"]. REDACTED

[Rylander Decla., Exhibit "2-D,' *filed under seal*.]

REDACTED

### C. No Unfair Prejudice Exists.

Oklahoma City can claim no unfair prejudice from this amendment. This amendment is sought before significant discovery has occurred. Indeed, it is before Oklahoma City has submitted any discovery request to Plaintiffs. This motion is before

8

{2021612;2}

any depositions, before any claim construction briefs. It is before any claim construction hearing has been scheduled. No summary judgment motions have been filed. The trial date has not even been scheduled, nor any due date for a pre-trial order. [Rylander Decla., ¶ 9]. Any claims of prejudice, let alone unfair prejudice, are simply not credible.

### D. Venue is Appropriate in this Court

#### 1. Venue for the Defamation and Declaratory Relief Claims is Clearly Appropriate.

The claims for defamation and declaratory judgment of no inequitable conduct/patent fraud, are subject to the general venue statute, 28 U.S.C. § 1391(b)(1) & (c)(2) ("in any judicial district in which defendant is subject to the court's personal jurisdiction…"). GAT is a resident of Oklahoma under this statute. These claims, integrally tied to this case, are clearly venue appropriate in this District.

#### 2. GAT Waived Any Objection to Patent Venue.

GAT is subject to personal jurisdiction in this District based on its conducting of substantial business activities and engaging in acts of alleged patent infringement in this District. Based upon the information available at the time suit was filed, venue did not appear to exist in this District solely to assert a claim for patent infringement against GAT as a result of the ruling by the U.S. Supreme Court in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. _ (2017), 137 S. Ct. 1514; 197 L. Ed. 2d 816; 122 U.S.P.Q.2d 1553. *TC Heartland* held that, as applied to domestic corporations, residence in 28 U.S.C. § 1400(b) refers to the state of incorporation. *Id*. at 1521.

Notwithstanding *TC Heartland*, venue is a "personal privilege" that may be waived by agreement. *See Huawei Tech. Co., Ltd. v. Yiren Huang*, 2018 WL 1964180, at *8 (E.D. Tex. Apr. 25, 2018). Nothing in *TC Heartland* limits the longstanding general rules about waiver of venue and forum selection clauses. *See,* e.g., *Bettcher Indust., Inc. v. Hantover, Inc.*, 2018 WL 1942179, at *3-4 (N.D. Ohio Apr. 25, 2018). (*TC Heartland* did not control over forum agreement). This is in contrast to a situation where an agreement with forum selection occurred long in advance of any patent considerations. *See ARP Wave, LLC v. Salpeter,* 364 F. Supp.3d 990, 999 (D. Minn. 2019) (patent infringement claims did not relate to the forum selection agreement because the party had not patented its system until long after the parties signed the agreement).

Plaintiffs learned through discovery that REDACTED

## IV.    CONCLUSION

The Court should grant Plaintiff's motion for leave to file a Second Amended Complaint. Given the early stage of this case, Defendant suffers no prejudice—and in fact intends to file a motion to stay proceedings, obviating any possible claim to prejudice. The

10

{2021612;2}

claims relate to this case, the '188 Patent, and the infringement of the '188 Patent through use of the Guardian Platform.

Date: September 20, 2019

Respectfully submitted,

s/ Todd A. Nelson
Todd A. Nelson, OBA #15317
Paul E. Rossler, OBA #21796
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103
Telephone:   (918) 595-4800
Facsimile:    (918) 595-4990
E-mail: tnelson@gablelaw.com
prossler@gablelaw.com

*Admitted Pro Hac Vice:*
Kurt M. Rylander, Bar No. 27819
RYLANDER & ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
Telephone:   (360) 750-9931
Facsimile:    (360) 397-0473
E-mail: rylander@rylanderlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of September, 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Douglas J. Sorocco, Esq.<br>
Evan W. Talley, Esq.<br>
Dunlap Codding PC<br>
609 W Sheridan Ave<br>
Oklahoma City, OK 73102

s/ Todd A. Nelson