# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MILLER MENDEL, INC., a Washington Corporation, and<br>(2) TYLER MILLER, an Oregon state resident,<br><br>           Plaintiffs,<br>v.<br><br>(1) THE CITY OF OKLAHOMA CITY, a municipal corporation,<br><br>           Defendant, and<br><br>(2) GUARDIAN ALLIANCE TECHNOLOGIES, INC., a Delaware corporation,<br><br>           Defendant. | Case No. CIV-18-990-C<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT

Plaintiffs, MILLER MENDEL, INC. and TYLER MILLER ("Plaintiffs" or "Miller Mendel"), by undersigned counsel, and assert this Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2), and allege as follows:

## PARTIES

1. Plaintiff Tyler Miller is a resident of the State of Oregon, and is the owner of all right, title, and interest in and to United States Patent No. 10,043,188 B2 (hereinafter, "the '188 Patent").

{2021613;}                                    **Exhibit "1"**

2. Plaintiff Miller Mendel is a Washington corporation, wholly owned by Tyler Miller, with its principal place of business in Seattle, Washington, with an exclusive license granted by Mr. Miller of all right and interest to the '188 Patent with the right to sublicense to third parties.

3. Upon information and belief, Defendant Oklahoma City is a municipal corporation with its principal place of business in Oklahoma City, Oklahoma.

4. Upon information and belief, Defendant Guardian Alliance Technologies, Inc. (hereinafter "GAT" or "Guardian Alliance Technologies") is a Delaware corporation conducting substantial business in and having substantial contact with, the Western District of Oklahoma.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, particularly at least Sections 271, 281 through 285, and 295 of Title 35 of the United States Code. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338. Defendant is situated and resides within this state and judicial district and is subject to personal jurisdiction.

6. This action also arises under state and common law, rending jurisdiction proper pursuant to supplemental jurisdiction, 28 U.S.C. sec. 1367(a), and diversity of citizenship, 28 U.S.C. sec. 1332(a).

7. This action also arises under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400.

## FIRST CLAIM FOR RELIEF
## --AGAINST OKLAHOMA CITY
### (Patent Infringement)

9. Plaintiffs adopt and re-allege each and every numbered paragraph above as if set forth verbatim herein at this point.

10. The '188 Patent, which is entitled "Background Investigation Management Service," issued on August 7, 2018. A true and correct copy of the '188 Patent is attached hereto as Exhibit "1" and by this reference incorporated herein.

11. The '188 Patent was duly and legally issued by the United States Patent & Trademark Office on August 7, 2018 after full and fair examination. Plaintiffs hold all right title and interest in and to the '188 Patent and possesses all rights of recovery under the '188 Patent.

12. Plaintiffs manufacture, market and sell through one or more licensees within the United States products, including eSOPH system, covered by the '188 Patent ("Plaintiffs' Licensed Products").

13. 35 USC § 271(a) provides that whoever uses any patented invention within the United States infringes the patent. *See also* Section 271(h).

14. Plaintiffs are informed and believe and based thereon allege that Defendant had notice of the '188 Patent and/or that the filing of the original Complaint in this case constituted notice.

15. Plaintiffs are informed and believe and on that basis alleges that Defendant Oklahoma City uses a product, the Guardian Alliance Technologies investigation software platform ("the Guardian Platform") as a response to its November 2017 Request for Proposal 181003 for a Police Applicant Tracking Software for the Oklahoma City Police Department which infringes one or more claims of the '188 Patent, including at least Claims 1, 5, and 15, and all elements thereof; that Defendant has, within the past six years infringed, and continues to literally and/or equivalently infringe one or more claims of the '188 Patent, including Claims 1, 5 and 15, and all elements thereof, by using the Guardian Platform in this district without the consent or permission of Plaintiffs, including, for example, literally and/or equivalently infringing Claim 1 of the '188 Patent by using the Guardian Platform on a computing device with a processor and system memory, assisting an investigator in conducting a background investigation of an application within an organization by:

> receiving a first set of program data comprising information identifying the applicant , the position , the organization , and the investigator;
> storing a new applicant entry in the system memory, the new applicant entry associated with the first set of program data;
> transmitting an applicant hyperlink to an applicant email address associated with the applicant, the applicant hyperlink for viewing an applicant set of electronic documents;
> receiving an applicant electronic response with a reference set of program data, wherein the reference set of program data comprises information regarding a reference source, wherein the reference source is a person, the

   program data including a reference email address associated with the reference source;
   determining a reference class of the reference source based on the reference set of program data;
   selecting a reference set of electronic documents based on the reference class of the reference source;
   transmitting a reference hyperlink to the reference email address, the reference hyperlink for viewing the reference set of electronic documents;
   receiving a reference electronic response to the reference set of electronic documents from the reference source;
   storing the reference electronic response in the system memory, associating the reference electronic response with the new applicant entry; and
   generating a suggested reference list of one or more law enforcement agencies based on an applicant residential address.

16. Plaintiffs are entitled to recover from Defendant the damages sustained by Plaintiffs as a result of Defendant's wrongful acts in an amount subject to proof at trial, but not less than a reasonable royalty.

17. Defendant's infringing use will cause ongoing and future harm to Plaintiffs, which may be difficult or impossible to reduce to a sum certain of money damages.

18. Plaintiffs have been and continue to be irreparably harmed by the acts of Defendant and this harm is not remediable by damages alone. A patent is a property right of limited duration. Every day of continuing infringement lessens, taints, and depletes the rights and entitlements granted by the '188 Patent. Every day of continuing infringement interferes with Plaintiffs' ability to realize value on the '188 Patent through licensing or directly marketing to others and/or through price erosion.

19. The public has an overriding interest in protecting patent rights and in the enforcement of patent laws.

20. Defendant's infringement of Plaintiffs' exclusive rights under the '188 Patent will continue to damage Plaintiffs' business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

21. Defendant has infringed and continues to infringe the '188 Patent directly and/or through acts of inducement in violation of 35 U.S.C. § 271(a) and/or (b).

22. As a result of Defendant's infringement, Plaintiffs have suffered and continue to suffer damages in an amount to be determined at trial.

23. Unless Plaintiffs receive temporary, preliminary, and permanent injunctive relief enjoining Defendant's use of infringing products and systems, including the Guardian Platform, Plaintiffs will be irreparably injured.

24. Plaintiffs are informed and believe that Defendant's infringement of the '188 Patent has been willful and deliberate, entitling Plaintiffs to increased damages under 35 U.S.C. § 284, and, in addition, Defendant's conduct renders this an exceptional case under 35 U.S.C. § 285, thus entitling Plaintiffs to an award of attorney fees.

25. To the extent of any claim to sovereign immunity, Plaintiffs are informed and believe and therefore contend such immunity has been and/or should be considered to have been waived.

## SECOND CLAIM FOR RELIEF
## --AGAINST GAT
### (Patent Infringement)

26. Plaintiffs adopt and re-allege each and every numbered paragraph above as if set forth verbatim herein at this point.

27. Plaintiffs are informed and believe and on that basis allege that GAT directly, contributorily and/or inducingly willfully infringed and infringes, literally and/or equivalently, one or more claims of the '188 Patent, including Claims 1, 5, and 15, and all elements therefor, by manufacturing, using, offering for sale, and/or inducing others to use, the Guardian Platform in this District without the consent or permission of Plaintiffs, including, for example, literally and/or equivalently infringing Claim 1 of the '188 Patent by offering for sale and/or using and/or inducing another to use and/or contributing to the use by another of, the Guardian Platform on a computing device with a processor and system memory, assisting an investigator in conducting a background investigation of an application within an organization by:

> receiving a first set of program data comprising information identifying the applicant , the position , the organization , and the investigator;
> storing a new applicant entry in the system memory, the new applicant entry associated with the first set of program data;
> transmitting an applicant hyperlink to an applicant email address associated with the applicant, the applicant hyperlink for viewing an applicant set of electronic documents;
> receiving an applicant electronic response with a reference set of program data, wherein the reference set of program data comprises information regarding a reference source, wherein the reference source is a person, the program data including a reference email address associated with the reference source;

> determining a reference class of the reference source based on the reference set of program data;
> selecting a reference set of electronic documents based on the reference class of the reference source;
> transmitting a reference hyperlink to the reference email address, the reference hyperlink for viewing the reference set of electronic documents;
> receiving a reference electronic response to the reference set of electronic documents from the reference source;
> storing the reference electronic response in the system memory, associating the reference electronic response with the new applicant entry; and
> generating a suggested reference list of one or more law enforcement agencies based on an applicant residential address.

28. Plaintiffs are entitled to recover from Defendant GAT the damages sustained by Plaintiffs as a result of Defendant GAT's wrongful acts in an amount subject to proof at trial, but not less than a reasonable royalty.

29. Defendant GAT's infringing use will cause ongoing and future harm to Plaintiffs, which may be difficult or impossible to reduce to a sum certain of money damages.

30. Plaintiffs have been and continue to be irreparably harmed by the acts of Defendant GAT and this harm is not remediable by damages alone. A patent is a property right of limited duration. Every day of continuing infringement lessens, taints, and depletes the rights and entitlements granted by the '188 Patent. Every day of continuing infringement interferes with Plaintiffs' ability to realize value on the '188 Patent through licensing or directly marketing to others and/or through price erosion.

31. The public has an overriding interest in protecting patent rights and in the enforcement of patent laws.

32. Defendant GAT's infringement of Plaintiffs' exclusive rights under the '188 Patent will continue to damage Plaintiffs' business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

33. Defendant GAT has infringed and continues to infringe the '188 Patent directly and/or through acts of inducement in violation of 35 U.S.C. § 271(a) and/or (b).

34. As a result of Defendant GAT's infringement, Plaintiffs have suffered and continue to suffer damages in an amount to be determined at trial.

35. Unless Plaintiffs receive temporary, preliminary, and permanent injunctive relief enjoining Defendant GAT's use of infringing products and systems, including the Guardian Platform, Plaintiffs will be irreparably injured.

36. Plaintiffs are informed and believe that Defendant GAT's infringement of the '188 Patent has been willful and deliberate, entitling Plaintiffs to increased damages under 35 U.S.C. § 284, and, in addition, Defendant GAT's conduct renders this an exceptional case under 35 U.S.C. § 285, thus entitling Plaintiffs to an award of attorney fees.

## THIRD CLAIM FOR RELIEF
## --AGAINST GAT
### (Defamation)

37. Plaintiffs adopt and re-allege each and every numbered paragraph above as if set forth verbatim herein at this point.

38. Plaintiffs are informed and believe and on that basis allege Defendant GAT defamed Plaintiffs by publishing with the intent to be viewed by customers and/or potential customers of Plaintiffs, and which were viewed by potential customers and/or customer of Plaintiffs, false and defamatory statements, unprivileged, that Plaintiffs committed fraud on the United States Patent & Trademark Office in the prosecution of Plaintiffs patents, including the '188 Patent; that these statements are untrue and without basis in fact; and that GAT knew at the time of utterance that the statements were untrue and without basis in fact; that these statements by Defendant GAT were negligently, recklessly/and/or intentionally uttered in disregard of the truth or falsity, and/or constituted actual malice on the party of GAT; that Plaintiffs are not public figures or public officials; that GAT's false and defamatory statements are defamatory per se and/or foreseeably and directly causing harm and damage to Plaintiffs and their trade, business and/or profession; that GAT's false and defamatory statements exposed Plaintiffs to ridicule; and that GAT's false and defamatory statements impute criminal conduct to Plaintiffs, specifically fraud upon a Federal agency.

39. GAT's actions described herein constitute libel in violation of Okla. Stat. Ann. tit. 12, § 1441.

40. Plaintiffs are informed and believe and on that basis allege that Oklahoma City, or its representatives or agents, provided documents and information to GAT to facilitate GAT in making its false and defamatory statements, specifically, that Oklahoma City submitted to Plaintiffs its required Noninfringement and invalidity contentions, and then also, without notice to Plaintiffs, provided those contentions to GAT, which GAT then improperly used to fabricate and declaim the false and defamatory statements for which it is charged.

41. Plaintiffs are informed and believe and on that basis allege that Oklahoma City, or its agents or representatives, knew of those false and defamatory statements by GAT and may have reviewed those statements prior to GAT publishing the false and defamatory statements.

42. Plaintiffs are informed and believe and on that basis allege that Exhibit "2" hereto and incorporated herein is a true and correct copy of the defamatory website "thetruthaboutmillermendel.com", published by Defendant GAT on August 22, 2019 with the input and/or assistance of the Defendant Oklahoma City and /or Oklahoma City's attorneys and/or agents.

**FOURTH CLAIM FOR RELIEF**
**--AGAINST GAT**
**(Declaration of No Inequitable Conduct/Patent Fraud)**

43. Plaintiffs adopt and re-allege each and every numbered paragraph above as if set forth verbatim herein at this point.

44. This action arises under the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1, et seq.), and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202), and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question)

45. Plaintiffs are informed and believe and on that basis allege Defendant GAT accuses Plaintiffs of committing fraud on the United States Patent & Trademark Office in in the prosecution of Plaintiffs patents, including the '188 Patent, constituting therefore inequitable conduct to render the '188 Patent, at least, unenforceable; that these statements are untrue and without basis in fact.

46. Plaintiffs are informed and believe and on that basis allege Defendant GAT is preparing to file an action against Plaintiffs for such alleged fraud, and has stated has much in its defamatory website, "*thetruthaboutmillermendel.com*", as published on August 22, 2019. Exhibit "2" hereto and incorporated herein is a true and correct copy of that website copied on that date.

47. Plaintiffs are informed and believe and on that basis allege that there is an actual case or controversy.

48. By Defendant GAT's actions, Plaintiffs are in reasonable apprehension of an imminent suit against Plaintiffs for such alleged fraud upon the United States Patent & Trademark Office relating to the '188 Patent.

49. Plaintiffs deny that they have committed fraud upon the United States Patent

& Trademark Office, and now seeks a declaratory judgment that they have not committed fraud upon the United States Patent & Trademark Office.

50. The controversy is such that, pursuant to Federal Ru1e of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Plaintiffs are entitled to a declaration, in the form of a judgment, that by their activities Plaintiffs have not committed fraud upon the United States Patent & Trademark Office. Such a determination and declaration is necessary and appropriate at this time.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant and for relief including:

1. Declaring the '188 Patent claims to be valid and infringed by Defendants;

2. Finding the Defendants liable for the infringement, and the damages flowing therefrom.

3. Awarding and ordering all damages suffered by Plaintiffs due to Defendants' infringement of the claims of the '188 Patent, including all amounts necessary to make Plaintiffs whole, but not less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

4. Awarding to Plaintiffs enhanced damages up to and including trebling of Plaintiffs' damages pursuant to 35 U.S.C. § 284, for Defendants willful infringement;

5. Enjoining Defendants from making, selling, or using any products which infringe the '188 Patent, to wit, the Guardian Platform;

6. Awarding Plaintiffs their costs of suit, including the costs of experts and reasonable attorneys' fees pursuant to, *inter alia*, 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

7. Declaring that Plaintiffs have not committed fraud upon the United States Patent & Trademark Office; and that Plaintiffs have not committed inequitable conduct in relation to the '188 Patent family.

8. Awarding Plaintiffs damages for defamation, including to the extent allowed by law punitive and/or exemplary damages;

9. Awarding pre- and post- judgment interest; and,

10. Awarding such other and further relief as may be just and proper.

Date: September __, 2019								Respectfully submitted,

s/_____
Todd A. Nelson, OBA #15317
Paul E. Rossler, OBA #21796
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103
Telephone:	(918) 595-4800
Facsimile:	(918) 595-4990
E-mail: tnelson@gablelaw.com
prossler@gablelaw.com

*Admitted Pro Hac Vice:*
Kurt M. Rylander, Bar No. 27819
RYLANDER & ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
Telephone:	(360) 750-9931
Facsimile:	(360) 397-0473
E-mail: rylander@rylanderlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on the __th day of September, 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Douglas J. Sorocco, Esq.
Evan W. Talley, Esq.
Dunlap Codding PC
609 W Sheridan Ave
Oklahoma City, OK 73102

                                                      s/ _____